IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLIFFORD S. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:13cv648-MEF |
| | ) | |
| THE ALABAMA HISTORICAL | ) | |
| COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Plaintiff's Complaint (Doc. 1) and Amended Complaint (Doc. 9). On September 13, 2013, the District Judge entered an Order referring this matter to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." Order (Doc. 2).

Because Plaintiff requested leave to proceed *in forma pauperis*, the court is obligated to undertake review of Plaintiff's Complaint pursuant to the provisions of 28 U.S.C. § 1915(e). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii).

1

Upon review of the Complaint and Amended Complaint, the court finds that this case is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it "fails to state a claim on which relief may be granted."

## I.   BACKGROUND

On September 12, 2013, Plaintiff, proceeding *pro se*, filed a Complaint alleging a violation of the National Historical Preservation Act of 1966 (NHPA), 16 U.S.C. § 470, and named the Alabama Historical Commission as a defendant and the United States Department of Agriculture (USDA), the United States of America, the City of Camden, Alabama, and the County of Wilcox, Alabama as "co-defendants." Compl. (Doc. 1). Plaintiff alleged "the loss of Aesthetic, Architectural, Character, Cultural, Heritage, Education, Economic, Energy and Inspiration benefits of History, as defined by Congressional Policy of the [NHPA]." *Id*. at 1. The "loss" claimed by Plaintiff was the demolition of the "old jail" in Wilcox County, which "was immediately adjacent to the 'old old jail.'" *Id*. at 1-2.

On October 2, 2013, the court entered an Order (Doc. 5) granting Plaintiff leave to proceed *in forma pauperis* and staying service of process pending review under 28 U.S.C. § 1915. Uncertain of Plaintiff's claims, the court then ordered Plaintiff to file an amended complaint that complies with Rule 8(a) of the Federal Rules of Civil Procedure.

On November 12, 2013, Plaintiff filed a Motion to Amend (Doc. 7) with an attached proposed amended complaint (Doc. 7-1). In the Motion to Amend, in response

2

to concerns raised by the court in the order to amend, Plaintiff agreed that "Camden Alabama and Wilcox County Alabama are both due to be dismissed as co-defendants." (Doc. 7) at 1. Plaintiff also conceded, "Plaintiff['s] claim pursuant to [the NHPA] against the [USDA] is due to be dismissed as such. Relief against the [USDA] is now sought pursuant to National Environmental Policy Act of 1969 [42 U.S.C. § 4321 et seq.] and 28 U.S.C. § 1331." *Id.* The Motion to Amend (Doc. 7) was granted, and Plaintiff's Amended Complaint was docketed. (Doc. 9).

Plaintiff's Amended Complaint names only the Alabama Historical Commission as a defendant. Am. Compl. (Doc. 9). Additionally, despite Plaintiff's concession that his claim under the NHPA against the USDA is due to be dismissed, Plaintiff's Amended Complaint states, "Legal claim is brought from the [NHPA]." Am. Compl. (Doc 9) at 1. The Amended Complaint also makes the following allegations:

> The [USDA] did not implement *good faith* or *reasonable effort* in *Review 106*, or *Section 110* of the NHPA when the U.S.D.A. financed the City Hall of Camden Alabama, which was opened the first quarter of 2013. The U.S.D.A. did not solicit the public during the *process*. The preservation of this *irreplaceable heritage* is in the *public* interest.
>
> The "old jail" was, *see* **Exhibit-A**, "immediate adjacent" to the "old old Jail", which is listed on the Wilcox Alabama Courthouse Historical District. The "old jail" site of Sheriff P.C. "Lummie" Jenkins, and Sheriff Prince Arnold is the "Pinnacle" of Wilcox Alabama History, period. The "old jail" constitutes more than fifty plus years of law enforcement History.
>
> . . .
>
> Mr. Greg Rinehard, of the Alabama Historical Commission stated to the plaintiff on 9.30.13, that his record reflected *no record of Review 106* for

3

>the U.S.D.A. financed Camden City Hall. Mr[.] Rinehardt checked fiscal year 2010, 2011, 2012 also, and found *nothing*. Both Camden Mayor and City Attorney acknowledged at City Council meeting in September 2013, not even being aware of the existence of *Review 106*. There are *no* records, indicators or even here say, that U.S.D.A. solicited *public*, yet they were mandated to in *Review 106*. The "old jail" was "immediate adjacent" to the "old old jail". "Anticipatory demolition" of *Review 110* did not protect "old jail", as it was supposed to.

Am. Compl. (Doc. 9) at 1-2 (emphasis in original). Plaintiff seeks relief including money damages in the amount of "one-hundred percent of the 'old jail' site" in addition to "the sum of 5.7 million dollars" and the "erection of a soaring/towering Monolith, not to exceed forty-three-hundred-feet."[1] *Id.* Plaintiff's Amended Complaint also included approximately two and a half pages of the "injuries" Plaintiff has suffered as a result of the destruction of the "old jail," including aesthetic loss, architectural loss, and a change of character, among others. *Id.* at 5-7.

## II. DISCUSSION

As best the court can discern, Plaintiff attempts to bring this claim pursuant to the NHPA, the NEPA, or both. Plaintiff also asserts that he is entitled to relief pursuant to 28 U.S.C. § 1331, the statute on federal question jurisdiction. Even upon a very liberal construction of Plaintiff's pleadings,[2] the court finds that this case is due to be dismissed, as Plaintiff fails to state a claim upon which relief may be granted.

---

[1] The court notes that the current, tallest building in the United States, One World Trade Center, stands at 1776 feet.

[2] "In the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). "While a complaint does not need detailed factual allegations, 'a plaintiff's obligation to provide the "grounds" of

### A.     National Historic Preservation Act

To the extent Plaintiff brings this claim pursuant to the National Historic Preservation Act ("NHPA"), 16 U.S.C. § 470, the case is due to be dismissed.  First, the NHPA only applies to Federal agencies.  *Lee v. Thornburgh*, 877 F.2d 1053, 1056 (D.C. Cir. 1989).  Therefore, the NHPA does not apply to the Alabama Historical Commission[3], the City of Camden, Alabama, or the County of Wilcox, Alabama.[4]  Second, the United States of America is immune from suit unless it consents to be sued.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("It is elementary that 'the United States, as [a] sovereign, is immune from suit save as it consents to be sued[.]'" (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941))).  Because the United States has not consented to be sued under this statute, Plaintiff may not maintain a suit under the NHPA against the United States of America.[5]  Third, Plaintiff may not bring a NHPA

---

his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.'"  *Simpson v. Zwinge*, 2013 WL 5340509, at *1 (11th Cir. Sept. 25, 2013) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[3] Plaintiff claims in his Motion to Amend the Complaint that "[t]he Alabama Historical Commission operates under the enumerated powers and duties of the Secretary of the Interior, which is a Federal entity."  Mot. (Doc. 7) at 1.  Even if Plaintiff's assertion is true, it is clear that the Alabama Historical Commission itself is not a Federal agency.

[4] The court notes that in the Motion to Amend the Complaint, Plaintiff stated, "Camden Alabama and Wilcox County are both due to be dismissed as Co-defendants."  Mot. (Doc. 7) at 1.  Plaintiff also failed to name the City of Camden, Alabama or the County of Wilcox, Alabama as defendants in the Amended Complaint.  However, Plaintiff states that he seeks relief "from the city of Camden" in the Amended Complaint.  Am. Compl. (Doc. 9) at 2.   Based on the lack of clarity, the court has included discussion of why the City of Camden and the County of Wilcox are due to be dismissed, if they are even intended as defendants.

[5] In the Motion to Amend the Complaint, Plaintiff stated, "The United States of America is not precluded by the defense of sovereign immunity."  Mot. (Doc. 7) at 1.  In support of this contention, Plaintiff cited to *Indiana Coal Council v. Lujan*, 774 F. Supp. 1385 (D.D.C. 1991).  The court notes that *Indiana Coal*

claim against the United States Department of Agriculture—or any defendant for that matter—because "the NHPA does not create a private right of action." *Shanks v. Dressel*, 540 F.3d 1082, 1092 (9th Cir. 2008).

### B. National Environmental Policy Act

To the extent Plaintiff brings this claim pursuant to the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq., the case is due to be dismissed. Similar to the NHPA, NEPA applies only to federal agencies, establishing procedures that such agencies must follow before taking actions. *Sierra Club v. Van Antwerp*, 526 F.3d 1353, 1360 (11th Cir. 2008). Therefore, the NEPA does not apply to the Alabama Historical Commission, the City of Camden, Alabama, or the County of Wilcox, Alabama. Because the United States has not consented to be sued under the NEPA, Plaintiff may not maintain such a suit against the United States of America. *Mitchell*, 445 U.S. at 538. Lastly, the NEPA, like the NHPA, does not provide a private right of action. *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1173 (11th Cir. 2006) ("[P]laintiffs challenging an agency action based on NEPA must do so under the Administrative Procedure Act."); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990).

---

involves injunctive relief and specifically states "Congress withdrew sovereign immunity as a defense in suits against the United States, **except where money damages are claimed as relief**." *Indiana Coal Council*, 774 F. Supp. at 1394 (emphasis added). Here, Plaintiff seeks money damages. Therefore, Plaintiff's argument that the United States has waived sovereign immunity is incorrect.

### C. 28 U.S.C. § 1331

Plaintiff claims to seek relief under 28 U.S.C. § 1331, the statute establishing Federal Question jurisdiction. However, as discussed above, Plaintiff has failed to state a claim upon which relief may be granted pursuant to the Constitution, laws, or treaties of the United States. Therefore, this statute is inapplicable to Plaintiff's claims.

### D. Improper Venue

The court also notes that, as Plaintiff cannot bring a claim against Alabama Historical Association and as they are properly dismissed, there are no defendants that reside within the Middle District of Alabama. Further, the events or omissions giving rise to Plaintiff's claim occurred outside the Middle District of Alabama. Thus, venue is not proper here. *See* 28 U.S.C. § 1391. When a case is brought in an improper venue, "[t]he district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. Plaintiff filed a Motion to Transfer the Case (Doc. 8) unsupported by any fact or law. Because Plaintiff fails to state a claim upon which relief may be granted, this request is properly denied.

### III. CONCLUSION

Accordingly, for the reasons stated above, it is

the RECOMMENDATION of the Magistrate Judge that Plaintiffs' case be DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for

failure to state a claim on which relief may be granted; and the Motion for Transfer (Doc. 8) be DENIED.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before December 5, 2013**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 21st day of November, 2013.

                                /s/ Wallace Capel, Jr.
                                WALLACE CAPEL, JR.
                                UNITED STATES MAGISTRATE JUDGE